CYRUS CLEVELAND et al., Appellants, v. THE CITY OF YONKERS,
Respondent.

An order denying an application for an injunction *pendente lite* is not
reviewable here.

*It seems* that under the charter of the city of Yonkers (Chap. 184, Laws of
1881, amended by chap. 19, Laws of 1887) a public sewer once completed
and paid for may be extended, and the expenses incurred assessed upon the
property benefited, including that assessed for the original improvement.

(Argued June 19, 1889; decided June 28, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made February 12,
1889, which affirmed an order of the Special Term denying
a motion for an injunction.

The nature of the action and of the injunction asked for,
as well as facts so far as material, are stated in the opinion.

*George C. Holt* for appellants. The charter of the city of
Yonkers prohibits an assessment for repairs to a sewer. (Laws
of 1887, chap. 19, §§ 2, 3, 16, 24.) The construction of the
new mouth of the Ashburton avenue sewer through the filled
in land, formerly land under water, was "repairs" to the sewer
within the meaning of the Yonkers city charter. (*In re
Phillips*, 60 N. Y. 16; *In re Burke*, 62 id. 224; *In re
Garvey*, 77 id. 523; *In re Smith*, 99 id. 424; *Barton* v.
*City of Syracuse*, 36 id. 54; *Nims* v. *City of Troy*, 59 id.
500; *Ballou* v. *State*, 111 id. 496.) The work done is not a
benefit to the plaintiffs in such a sense as to authorize an assess-
ment. (*In re Sackett*, 74 N. Y. 100; Cooley on Taxation,
417; *People* v. *Rochester*, 54 N. Y. 507.) The city of Yon-
kers had an easement or servitude for the discharge of the
sewer over the land under water to which the grants from the
state were subject, and, therefore, the owners of the grants
had no right to fill in the land unless they themselves provided
for the free discharge of the sewer into the Hudson river.
(*Lampman* v. *Milks*, 21 N. Y. 505; *Johnson* v. *Jordan*,

2 Metc. 234; *New · Ipswich* v. *Batchelder*, 3 N. H. 190;
2 Wash. on R. E. [4th ed.] 315, 319, 348, 358; *In re Brooklyn*,
73 N. Y. 179.)

*Joseph F. Daly* for respondents. It is immaterial whether
the work under consideration is called "repairs," "extensions"
or "enlargement," as under the city charter the common council
has power to extend, enlarge and repair sewers, and to assess
the expense thereof upon the several lots benefited thereby in
proportion to the benefit which the same shall derive from the
improvement. (Laws of 1881, chap. 184, tit. 7, § 16; Laws
of 1887, chap. 19; *People ex rel. Griffin* v. *Mayor, etc.*,
4 N. Y. 419; *In re Lewis*, 51 Barb. 82; *Moran* v. *City of
Troy*, 9 Hun, 540.) The law of fixing the district of assess-
ment having imposed the duty upon the common council, its
judgment cannot be reviewed here. (*In re Cruger*, 84 N. Y.
619; *In re Church St.*, 49 Barb. 455.) Conceding that it was
neglect of the city in permitting the sewer to be obstructed,
even then the common council would have the right to carry
the sewer to the bulk-head line and empty its contents into
the river rather than have the sewer blocked by the obstruc-
tions caused by the filling in. (*B. I. Works* v. *Buffalo*, 13
Abb. Pr. [N. S.] 141; *People ex rel.* v. *Brooklyn*, 65 N. Y.
349.) With the judgment of the assessors and the common
council the court should not interfere even on a review by
*certiorari* or by action, much less by an injunction. (*In re
Cruger*, 84 N. Y. 619.)

DANFORTH, J. Proceedings were instituted by the proper
authorities of the city of Yonkers for extending one of its
sewers — called the Ashburton avenue sewer — and a district
of assessment proposed, which included lands owned by the
several plaintiffs. It is apparent that all the property within
this district will, in fact, be benefited by the improvement, for
without it the existing sewer cannot discharge its contents, and
the extension is not merely to remove an obstruction, but to
furnish a new mouth at a point somewhat distant from the old

outlet. The fact is not denied, but this action is instituted upon the theory that the work required is in the nature of repairs and not construction, and that under the charter of the city an assessment cannot be laid for its payment. The relief asked, therefore, is that the defendant be perpetually enjoined from confirming the proposed assessment, or from imposing any assessment for the purpose of paying the expenses, and the immediate occasion of this appeal is the refusal of the court below to grant an order to that effect pending the litigation.

Such a determination is not the subject of review in this court, but, as the facts are undisputed, we have looked into the merits of the controversy. The question is, whether a public sewer, once completed and paid for by an assessment upon the property adjacent thereto, can, when necessary, be extended at the expense of property benefited thereby, including that assessed for the original improvement, or whether payment shall be made by the city at large out of funds raised by general taxation? That will depend upon the construction of certain provisions of the charter of the city, and we are of opinion that, by virtue of these provisions, the matter is entirely within the jurisdiction of the public authorities, and that neither what they have done or propose to do is at all irregular. By virtue of that charter, as it stood in 1881, the common council might extend or enlarge sewers and apportion the expense upon the lands benefited. (Laws of 1881, chap. 184.) The intended improvement which forms the subject of this action is included within these terms, and they also form part of the charter as amended by chapter 19 of the Laws of 1887. How much further that amendment goes we need not consider.

Although we agree with the court below in its disposition of the motion, we must, for the reason above stated, dismiss the appeal, but, as the objection was not raised by the defendant, it should be without costs in this court.

All concur.

Appeal dismissed.